In the case, sub judice, this court granted Mr. McDougall's application for reopening on a sentencing issue. State v.McDougall (Dec. 18, 1997), Cuyahoga App. No. 71276, unreported, reopening allowed in part and denied in part (July 20, 1998), Motion No. 92585.
In 1975 in State off Ohio v. Gregory McDougall, Cuyahoga County Common Pleas Court Case No. Cr. 21978, the Grand Jury indicted Mr. McDougall for felonious assault. He pleaded guilty to aggravated assault, a fourth degree felony.
In 1995, in the present case, Mr. McDougall faced, inter alia, two counts of aggravated burglary with aggravated felony specifications alleging a felonious assault conviction in Case No. Cr. 21978. The jury convicted him, inter alia, on the two aggravated robbery charges, and the trial court sentenced him to twelve to twenty-five years concurrent on those counts.
In the application to reopen, Mr. McDougall argued that the sentences on the aggravated burglary charges, aggravated felonies of the first degree, were improper. The sentencing scheme for such offenses are contained in R.C. 2929.11 (B) (1) (a) and (b). If an offender has not previously been convicted of or pleaded guilty to a first, second or third degree aggravated felony, murder or an equivalent offense, then the minimum term for an aggravated first degree felony is five, six, seven, eight, nine or ten years and the maximum shall be twenty-five years. R.C.2929.11 (B) (1) (a). However, if an offender has been convicted of or pleaded guilty to a first, second or third degree aggravated felony, murder or an equivalent offense, then the minimum term for an aggravated first degree felony shall be ten, eleven, twelve, thirteen, fourteen or fifteen years and the maximum term shall be twenty-five years. R.C. 2929.11 (B) (1) (b). The trial court sentenced Mr. McDougall to twelve to twenty-five years. However, a conviction for only a fourth degree felony would not support the minimum twelve year sentence under R.C. 2929.11 (B) (1).
Upon reviewing this argument, this court ruled that this sentencing issue raised a genuine issue as to whether Mr. McDougall was deprived of the effective assistance of appellate counsel. Thus, this court granted the application to reopen only on the sentencing issue and denied it as to all the other issues.
Mr. McDougall's counsel moved to remand for resentencing. The State of Ohio, through the Cuyahoga County Prosecutor, concurred that the case should be remanded for the limited purpose of resentencing on the two aggravated burglary charges. Accordingly, this court remanded for resentencing. On January 29, 1999, the trial court resentenced Mr. McDougall to ten to twenty-five years concurrent on the aggravated burglary counts.
The ten to twenty-five year sentences are within the proper limits for a sentence for an aggravated felony without a specification for a first, second or third degree aggravated felony, murder or an equivalent offense, pursuant to R.C. 2929.11
(2) (1) (a). Mr. McDougall's counsel in a "Notice of Resentencing" admits that the trial court has resentenced Mr. McDougall pursuant to this court's remand and that "there is no further basis for appeal."
Accordingly, the convictions and new sentences are affirmed.
Costs assessed against plaintiff-appellee.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKT, P.J., and McMONAGLE, TIMOTHY E., J., CONCUR.
 ____________________________________ MICHAEL J. CORRIGAN JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of this court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).